IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB O. MILLER,

       Plaintiff,

  vs.                                                                No. Civ. 14-0020 LH/LAM

STATE OF NEW MEXICO,
PROBATION AND PAROLE DIVISION,
PAROLE OFFICER JEREMY GROB, in
his official and individual capacity;
STATE OF NEW MEXICO,
BERNALILLO COUNTY, DISTRICT
ATTORNEY'S OFFICE, JOHN SUGGS,
in his official and individual capacity;
JOHN DOES 1-4, JUDGE DIANE DAL
SANTO, in her official and individual
capacity; CITY OF ALBUQUERQUE;
ALBUQUERQUE POLICE
DEPARTMENT; DETECTIVE J.
CARTER, in his official and individual
capacity; OFFICERS JOHN DOES 1-4, in
their official and individual capacities,

       Defendants.

### MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the court on the Motion to Dismiss the Albuquerque Police Department (ECF No. 17), filed July 23, 2014 by the City of Albuquerque, the Albuquerque Police Department ("APD"), and Detective J. Carter, collectively the "City Defendants."  The Court, having considered the brief submitted by Defendants and otherwise being fully advised, finds that the Motion is **well-taken** and should be **granted**.

The Plaintiff failed to file a response to Defendants' Motion to Dismiss APD. Although Plaintiff's *pro se* pleadings must be liberally interpreted by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he "nevertheless must follow the same rules of procedure that govern other litigants," *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Additionally, the Court should not "assume the role of advocate for the *pro se* litigant." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

The Local Rules for the District of New Mexico provide that the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, the Tenth Circuit Court of Appeals has stated, "a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] has failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir.2003) (citing *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir.2002)). Thus, the court must consider the contents of the Plaintiff's Civil Rights Complaint ("Complaint") in determining whether to grant the Motion to Dismiss. *Id.* at 1178.

This case arises out of the arrest and detention of Plaintiff on charges of shoplifting and a related parole violation. The gravamen of Plaintiff's Complaint is that his civil rights were violated by the City Defendants. The City Defendants have moved to dismiss the claims against APD because APD is not a suable entity. The Court agrees.

APD is an administrative department of the City of Albuquerque. Police departments are not considered legal entities subject to suit. *Lindsey v. Thomson*, 275 Fed.Appx. 744, 747, 2007 WL 2693970, *3 (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's

[3]

departments and police departments are not usually considered legal entities subject to suit[.]"), citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it."), *vacated as moot*, 800 F.2d 230 (10th Cir. 1986)).  Because APD is merely a part of the Albuquerque city government, it lacks a legal identity apart from the City, and it is not a proper party.

**IT IS HEREBY ORDERED** that the Motion to Dismiss the Albuquerque Police Department (ECF No. 17) is **GRANTED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**