IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB O. MILLER,

        Plaintiff,

  -vs-                                                               No. Civ. 14-0020 LH/LAM

STATE OF NEW MEXICO, PROBATION AND
PAROLE DIVISION, PAROLE OFFICER
JEREMY GROB, in his official and individual
capacity; STATE OF NEW MEXICO,
BERNALILLO COUNTY, DISTRICT
ATTORNEY'S OFFICE, JOHN SUGGS, in his
official and individual capacity; JOHN DOES 1-4;
JUDGE DIANE DAL SANTO, in her official and
individual capacity; CITY OF ALBUQUERQUE;
ALBUQUERQUE POLICE DEPARTMENT;
DETECTIVE J. CARTER, in his official and
individual capacity; OFFICERS JOHN DOES 1-4,
in their official and individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgement [sic] ("Motion for Default Judgment") (ECF No. 22), filed April 15, 2015; the Motion to Set Aside Default by the Board of County Commissioners of Bernalillo County ("Motion to Set Aside Clerk's Entry of Default") (ECF No. 47), filed April 22, 2015, and Plaintiff's Motion in Opposition to Defendants Board of Commissioners of Bernalillo County Answer to Civil Rights Complaint ("Motion in Opposition to Answer") (ECF No. 56) filed June 1, 2015. The Court, having reviewed the Motions and the accompanying memoranda, the record in this matter, and

the applicable law, and otherwise being fully advised, finds that Plaintiff's Motion for Default Judgment is not well taken and it will be **denied**, the Motion to Set Aside Entry of Default is well taken and it will be **granted**, and Plaintiff's Motion in Opposition to Answer will be **stricken**.

Plaintiff filed his pro se Civil Rights Complaint ("Complaint") (ECF No. 1) on January 7, 2014. He brings claims based upon his arrest on December 10, 2010; his indictment by a grand jury on robbery charges, for which he apparently was not tried; and the subsequent revocation of his probation, which resulted in a six-year prison sentence, with eleven years suspended from the original seventeen-year term.

Plaintiff filed his Request for Entry of Default (ECF No. 20) and his Motion for Default Judgment, both addressing Bernalillo County ("County") as the defendant, on April 16, 2015, and the Clerk entered default against the County on the same day, Entry of Default (ECF No. 24). On April 22, 2015, the Board of County Commissioners of Bernalillo County (also referred to as the "County") filed its Answer to Civil Rights Complaint ("Answer") (ECF No. 46) and its Motion to Set Aside Clerk's Entry of Default. Additionally, on April 30, 2015, the County filed its Response by the Board of County Commissioners of Bernalillo County to Motion for Default Judgment ("County's Response to Motion for Default Judgment") (ECF No. 53). More than a month later, on June 1, 2015, Plaintiff responded to the County's filings, entering his Motion in Opposition to Answer and his Motion in Opposition to Response by the Board of County Commissioners of Bernalillo County to Motion for Default Judgement [Sic] (ECF No. 57). The

Court construes the later as both Plaintiff's Reply to the County's Response to his Motion for Default Judgment and his Response to the County's Motion to Set Aside Entry of Default ("Plaintiff's Reply/Response").  The final brief before the Court with regard to the matters at issue here is the County's Reply to Plaintiff's Response to its Motion to Set Aside Entry of Default (ECF No. 60), filed June 18, 2015.

The Court first addresses, sua sponte, Plaintiff's Motion in Opposition to Answer, subtitled "Plaintiff PRO-SE Answers In Responds [sic]," which the Court construes as a Reply to the Answer.  Although Plaintiff's pro se pleadings must be liberally interpreted by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he "nevertheless must follow the same rules of procedure that govern other litigants," *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)).  Additionally, the Court "should not assume the role of advocate" for the pro se litigant.  *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Rule 7 of the Federal Rules of Civil Procedure provides in pertinent part:

(a) Pleadings. *Only these pleadings are allowed*:
   (1) a complaint;
   (2) an answer to a complaint;
   (3) an answer to a counterclaim designated as a counterclaim;
   (4) an answer to a crossclaim;
   (5) a third-party complaint;
   (6) an answer to a third-party complaint; and
   (7) *if the court orders one, a reply to an answer*.

Fed. R. Civ. P. 7(a) (emphasis added).  Plaintiff's Reply to the County's Answer is a pleading specifically disallowed by Rule 7, unless permitted by the Court, which it was not.  As it is an excess and unnecessary pleading, it will be stricken from the record.[1]

"'Default judgments are not favored by courts,'" *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (quoting *Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988)), and "[t]he court may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"  *Pinson v. Equifax Credit Info. Servs.*, 316 F. App'x, 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

The County moves the Court to set aside the Clerk's entry of default on grounds that Plaintiff makes "no claims whatsoever against Bernalillo County Government, whether as the Board of County Commissioners, or as the governmental entity known as Bernalillo County." Mot. Set Aside Clerk's Entry Default 1.  Rather, the County argues, Plaintiff's claims are against

---

1   The Court also notes that Plaintiff did not sign this document, or others he has filed, as is required by the federal and local rules of civil procedure.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."); D.N.M.LR-Civ. 10.3(b) ("A paper filed without signature will be stricken unless it is signed within fourteen (14) days after the omission is called to the party's attention.").  As the Court is striking the pleading for other reasons, Plaintiff should not submit a signed copy of the Reply or of the other papers he has filed to date.  He is admonished, however, that he must follow the same rules of procedure that govern other litigants, including the Local Rules and the Federal Rules of Civil Procedure.

the Second Judicial District Attorney's Office, a department of the New Mexico state government. *Id.* Additionally, the County explains that its Legal Department initially intended to move to quash the summons served on the County Clerk on May 7, 2014, on grounds that it was not a proper defendant. *Id.* at 2. For that reason, it did not tender the case to the New Mexico Associations of Counties for defense, but, inadvertently, also failed to assign to case within the County Attorney's office and it went unanswered.. *Id.* at 2-3.

> In opposition, Plaintiff makes assertions such as that
>
> [he] has made claim against The Board of County Commissioners of Bernalillo County. . . . There is conceivable basis in fact or law for a judgment against the County. . . . [He] has sued the proper entity for his claims related to his indictment and Probation revocation as Bernalillo County government due to parties of there [sic] capacity were involved in this case. . . . Plaintiff has suffered injury from Bernalillo County and alleges Facts which if proven in Court would alow [sic] Plaintiffs [sic] Relief Requested. . . . Plaintiff does suffer prejudice from the Courts [sic] setting aside the defaul [sic].

Pl.'s Reply/Resp. 1-3.

The Court agrees with the County that it has shown good cause for setting aside the entry of default. The Court finds that the County's conduct, which exhibits mere excusable neglect and inadvertence, was not willful or culpable. Additionally, Plaintiff has shown no prejudice. Indeed, given the County's defense, which the Court finds meritorious, that Plaintiff makes no claims against it in his Complaint and alleges no injury caused by the County, he cannot show prejudice. Plaintiff's factually unsupported and conclusory argument clearly is insufficient. Furthermore, the grounds for setting aside the entry of default also support the Court's denial of Plaintiff's Motion for Default Judgment.

5

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Opposition to Defendants Board of Commissioners of Bernalillo County Answer to Civil Rights Complaint (ECF No. 56) filed June 1, 2015, is **STRICKEN**.

**IT IS FURTHER ORDERED** that the Motion to Set Aside Default by the Board of County Commissioners of Bernalillo County (ECF No. 47), filed April 22, 2015, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgement [sic] (ECF No. 22), filed April 15, 2015, is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**