IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JACOB O. MILLER,

       Plaintiff,

  -vs-                                                    No. Civ. 14-0020 LH/LAM

STATE OF NEW MEXICO, PROBATION AND
PAROLE DIVISION, PAROLE OFFICER
JEREMY GROB, in his official and individual
capacity; STATE OF NEW MEXICO,
BERNALILLO COUNTY, DISTRICT
ATTORNEY'S OFFICE, JOHN SUGGS, in his
official and individual capacity; JOHN DOES 1-4;
JUDGE DIANE DAL SANTO, in her official and
individual capacity; CITY OF ALBUQUERQUE;
ALBUQUERQUE POLICE DEPARTMENT;
DETECTIVE J. CARTER, in his official and
individual capacity; OFFICERS JOHN DOES 1-4,
in their official and individual capacities,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Special Entry of Appearance and Motion to Set Aside Default Judgments (Docs. 49 & 50) ("Motion to Set Aside Entry of Default") (ECF No. 54), filed May 4, 2015 by the Office of General Counsel for the New Mexico Corrections Department on behalf of Defendants Probation and Parole Division and Officer Jeremy Grob ("Officer Grob") (collectively, "Defendants"). The Court also addresses, sua sponte, Plaintiff's two Motions for Default Judgement [sic] ("Motion for Default Judgment") (ECF Nos. 32 & 36), both filed April 17, 2015, and brought against Officer Grob and the

Probation and Parole Division, respectively. The Court, having reviewed the Motions and the accompanying memoranda, the record in this matter, and the applicable law, and otherwise being fully advised, finds that the Motion to Set Aside Entry of Default is well taken and it will be **granted** and that the Motions for Default Judgment are not well taken and they will be **denied**.

Plaintiff filed his pro se Civil Rights Complaint (ECF No. 1) on January 7, 2014. He brings claims based upon his arrest on December 10, 2010; his indictment by a grand jury on robbery charges, for which he apparently was not tried; and the subsequent revocation of his probation, which resulted in a six-year prison sentence, with eleven years suspended from the original seventeen-year term.

On April 17, 2015, the same date on which he filed his Motions for Default Judgment, Plaintiff requested entry of default against these Defendants. Request Entry Default (ECF Nos. 30 & 34). The Clerk entered default on April 22, 2015. Entry Default (ECF Nos. 49 & 50).

Although Plaintiff's pro se pleadings must be liberally interpreted by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he "nevertheless must follow the same rules of procedure that govern other litigants," *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)). Additionally, the Court "should not assume the role of advocate" for the pro se litigant. *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

"'Default judgments are not favored by courts,'" *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (quoting *Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988)), and "[t]he court may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs.*, 316 F. App'x, 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

The Probation and Parole Division and Officer Grob now move to set aside the entries of default. They contend that service of the Summons (ECF Nos. 11 & 15), addressed in care of "Risk Management" and served "only on someone at the New Mexico Attorney General's Office," does not comply with the requirements of service set forth in NMRA 1-004(F) and (H). Mot. Set Aside Entry Default 3. Defendants assert that because of the defects in service, personal jurisdiction has not been established, and the Clerk Entry of Default against each of them is void.

The Court agrees, and finds that Defendants have shown good cause for setting aside the entries of default against them. Additionally, the grounds for setting aside the entries of default similarly necessitate the denial of Plaintiff's Motions for Default Judgment against these Defendants.

WHEREFORE,

**IT IS HEREBY ORDERED** that the Special Entry of Appearance and Motion to Set Aside Default Judgments (Docs. 49 & 50) (ECF No. 54), filed May 4, 2015; is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Default Judgement [sic] (ECF Nos. 32 & 36) both filed April 17, 2015, are **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**