IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JACOB O. MILLER,

        Plaintiff,

vs.                                  No. CV 14-00020 LH/LAM

STATE OF NEW MEXICO, PROBATION AND
PAROLE DIVISION, PAROLE OFFICER
JEREMY GROB, in his official and individual capacity;
STATE OF NEW MEXICO, BERNALILLO COUNTY,
DISTRICT ATTORNEY'S OFFICE, JOHN SUGGS,
in his official and individual capacity; JOHN DOES 1-4;
JUDGE DIANE DAL SANTO, in her official and individual
Capacity; CITY OF ALBUQUERUQE; ALBUQUERQUE
POLICE DEPARTMENT; DETECTIVE J. CARTER,
in his official and individual capacity; OFFICERS JOHN
DOES 1-4, in their official and individual capacities,

        Defendants.

MEMORANDUM OPINION AND ORDER

        THIS MATTER is before the Court *sua sponte* under Fed.R.Civ.P. 12(b)(6) on Plaintiff Jacob O. Miller's Civil Rights Complaint (Doc. 1). Also before the Court are Plaintiff Miller's Motion for Default Judgment against the Bernalillo County District Attorney's Office (Doc. 28), Motion for Default Judgment against the State of New Mexico (Doc. 40), and Motion for Default Judgment against Bernalillo County Assistant District Attorney John Suggs (Doc. 44). The Court will set aside the Clerk's Entry of Default against Defendants Bernalillo County District Attorney's Office, State of New Mexico, and Bernalillo County Assistant District Attorney John Suggs (Doc. 48, 51, 52), will deny Plaintiff's Motions for Default Judgment (Doc. 28, 40, 44), and will dismiss the claims against Defendants Bernalillo County District Attorney's Office,

1

State of New Mexico, Bernalillo County Assistant District Attorney John Suggs, and Judge Diane Dal Santo.

Plaintiff Miller, proceeding pro se, filed his Civil Rights Complaint on January 7, 2014. (Doc. 1).  Among numerous other defendants, Plaintiff named Defendants Bernalillo County District Attorney's Office, State of New Mexico, Bernalillo County Assistant District Attorney John Suggs, and Judge Diane Dal Santo.  Although the caption indicates Assistant District Attorney Suggs and Judge Dal Santo are sued in both their official and individual capacities, the allegations of the Complaint are solely in their official capacity.  (Doc. 1 at 2, ¶ 5, 7).

The Summons to Defendants Bernalillo County District Attorney's Office, State of New Mexico, and Bernalillo County Assistant District Attorney John Suggs were returned as executed on May 7, 2014.  (Doc. 7, 14, 16).  The Summons to Judge Dal Santo was returned as unexecuted.  (Doc. 13). Plaintiff Miller filed Motions for Default Judgment against Defendants Bernalillo County District Attorney's Office, State of New Mexico, and Bernalillo County Assistant District Attorney John Suggs on April 16 and 17, 2014. (Doc. 28, 40, 44).  At Plaintiff Miller's request, a Clerk's Entry of Default was entered against each of the three Defendants on April 22, 2015. (Doc. 48, 51, 52).

## MOTIONS FOR DEFAULT JUDGMENT AND CLERK'S ENTRIES OF DEFAULT

Default judgments are not favored by the courts.  *Harvey v. United States,* 685 F.3d 939, 946 (10th Cir. 2012).  The Court may set aside an entry of default and deny a motion for default judgment for good cause.  Fed.R.Civ.P. 55(c).  In deciding whether to set aside an entry of default, the court may consider, among other things, whether a meritorious defense is presented. *Pinson v. Equifax Credit Info. Servs.,* 316 F. App'x. 744, 750 (10th Cir. 2009).

The Return of Service for the State of New Mexico recites only that the Summons was served on "Risk Management Department." (Doc. 16). The Returns for Defendants Bernalillo County District Attorney's Office and Assistant District Attorney Suggs indicate that they were served on "Mariah Gallegos" at the "District Attorney's Office." (Doc. 7, 14). The Returns are insufficient proof for the Court to determine the validity of service on the three Defendants. Fed.R.Civ.P. 4(l).

Further, as is set out, below, Plaintiff Miller cannot obtain any relief on the claims asserted against Defendants Bernalillo County District Attorney's Office, State of New Mexico, and Bernalillo County Assistant District Attorney John Suggs as a matter of law and, therefore, Defendants have a meritorious defense. Based on insufficiency of proof of the validity of service and, more importantly, on the unavailability of any relief against Defendants Bernalillo County District Attorney's Office, State of New Mexico, and Bernalillo County Assistant District Attorney John Suggs, good cause exists to set aside the Clerk's entries of default. Fed.R.Civ.P. 55(c). The Court will set aside the Clerk's Entry of Default (Doc. 48, 51, 52) and will deny Plaintiff Miller's Motions for Default Judgment (Doc. 28, 40, 44). *Pinson v. Equifax Credit Info. Servs.,* 316 F. App'x. 744, 750 (10th Cir. 2009).

DISMISSAL OF CLAIMS PURSUANT TO FED.R.CIV.P. 12(b)(6)

The Court may dismiss *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing a pro se

complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges claims against Judge Diane Dal Santo and Assistant District Attorney John Suggs. Claims against a judicial officer acting as a judge are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). It is well established that absolute immunity bars suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006). Further, it is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, that are brought pursuant to 42 U.S.C. § 1983. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986).

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (D.N.M. 2006). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984 (1976).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 2732 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The

>Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

The allegations of the Complaint establish that Judge Dal Santo and Assistant District Attorney Suggs are sued in their capacities as judge and prosecutor. The Defendants are absolutely immune from suit for claims arising out of the exercise of their judicial and prosecutorial functions. *Guttman v. Khalsa,* 446 F.3d at 1033; *Miller v. Spiers*, 434 F.Supp.2d at 1064. Plaintiff Miller's Complaint, fails to state a claim for relief on its face, and the claims against Judge Dal Santo and Assistant District Attorney Suggs will be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570.

Plaintiff Miller has sued the State of New Mexico and the Bernalillo County District Attorney's Office. The Bernalillo County District Attorney's Office is a state agency. As such, the claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). The claims against the State of New Mexico and the Bernalillo County District Attorney's Office will also be dismissed for failure to state a claim upon which relief can be granted under rule 12(b)(6).

The Court also finds that allowing Plaintiff to amend his claims against the Defendants would be futile. No amendment will overcome the bar of absolute judicial or prosecutorial immunity nor will any amendment render the State of New Mexico amenable to suit under Section 1983. Therefore, the Court will dismiss the claims against Defendants Bernalillo County District Attorney's Office, State of New Mexico, Bernalillo County Assistant District Attorney

John Suggs, and Judge Diane Dal Santo without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

IT IS ORDERED:

(1)  The Clerk's Entry of Default against the Defendant Bernalillo County District Attorney's Office (Doc. 48), the Clerk's Entry of Default against the Defendant State of New Mexico (Doc. 51) and the Clerk's Entry of Default against Defendant John Suggs, Bernalillo County Assistant District Attorney (Doc. 52) are SET ASIDE;

(2)  Plaintiff Miller's Motion for Default Judgment against Defendant Bernalillo County District Attorney's Office (Doc. 28), Motion for Default Judgment against Defendant State of New Mexico (Doc. 40), and Motion for Default Judgment against Defendant Bernalillo County District Attorney's Office, Assistant District Attorney John Suggs (Doc. 44) are DENIED; and

(3)  All claims in Plaintiff Miller's Civil Rights Complaint (Doc. 1) against Defendants Bernalillo County District Attorney's Office, State of New Mexico, Bernalillo County Assistant District Attorney John Suggs, and Judge Diane Dal Santo are DISMISSED with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE